## TURNLY v. STINSON *et als.*

1. A motion to dismiss a writ of error, on the ground that it does not set out the names of all the defendants, will not be entertained after joinder in error.
2. Where it appeared from the record that the plaintiff recovered a verdict and judgment in a proceeding for a *forcible detainer*, before a justice of the peace, and afterwards the case found its way to the circuit court, where the defendant assigned errors—and the entry of the judgment shows that the parties came by their attorneys, and that the questions of law arising upon the assignment, were fully argued;" held that it is not an available objection to the proceedings in the circuit court, that the cause does not appear to have been taken there by *certiorari;* it will be intended that a *certiorari* was either waived or lost.
3. Where the complaint in a proceeding for a *forcible detainer* substantially conforms to the statute, the circuit court in reversing the judgment of a justice of the peace at the instance of the defendant, should direct that the cause be remanded.

THE defendants counsel moved to dismiss the writ of error in this case, because it does not set out the names of all the defendants, but describes them as "John Stinson and others," while the record discovers the names of two other defendants.

This motion comes too late. The defendants have joined in error, and thus waived all objection to the defectiveness of the process by which the case is brought here. Such was the opinion of this court as incidentally expressed in the Tombeckbee Bank v. Freeman, Minor's Rep. 285; and Koin v. McIlvaine & Collier, 1 Porter's Rep. 275. It is true, that in Roberts v. Taylor *et al.,* 4 Porter's Rep. 421, I said that the motion to dismiss a writ of error "is in time, if made even after joinder in error." But that remark was not necessary to the decision of the case, and was made *arguendo,* without reference to previous decisions; consequently we are not disposed to regard it as authority.

This was a proceeding for a *forcible detainer* under the statute, commenced before a justice of the peace of Benton. A verdict and judgment was rendered in favor of the plaintiff, for the recovery of the premises alleged to be detained, and the case taken to the circuit court of that county, where the judgment of the justice was reversed, and judgment rendered against the plaintiff for costs.

Many cases have been here assigned for error, all of which have been abandoned at the bar, but the two following—1. The circuit court reversed the judgment of the justice of the peace, when it does not appear that the case was taken to that court by *certiorari.* 2. Upon the judgment of reversal, the case should have been remanded to the justice of the peace.

1. In the circuit court errors were assigned, and the entry of the judgment shows that the parties came by their attornies, and that the questions of law arising upon the assignment were fully argued. We have held, in several cases, that after a judgment by *nil dicit* or on verdict, if the record contains no declaration, we would intend either that it had been dispensed with by the parties, or else lost from the files after judgment. So in the present case, the parties having, without objection, submitted their case for the judgment of the court, we must suppose that they either waived the statutary mode of getting it into court, or that the *certiorari* has been lost.

2. Upon looking into the complaint we find it not remarkable

58

for precision, or directness in its statements, yet it substantially conforms to the statute. The judgment of the circuit court then, should not merely have reversed that of the justice, but should have remanded the case for further proceedings. [Bliss v. Winston, at the last term] is a direct authority upon this point.

The judgment is reversed and the case remanded, that the circuit court may award a *procedendo* to the justice of the peace, or his successor, if he be not now in office.

J. COCHRAN, for the plaintiff.
PECK, contra.